OPINION
BARRY, Circuit Judge.
This appeal involves the District Court’s factual finding that Kane Builders, Inc. (“Kane Builders”),[1] a Pennsylvania construction company, entered into a June 2000 collective bargaining agreement (“CBA”) with Southern New Jersey Building Laborers District Counsel, LIUNA (the “Union”). The Court made the finding after hearing testimony related to Kane Builders’s motion for a preliminary injunction to enjoin the arbitration sought by the Union. The issue before us is whether the Court erred in treating that finding as a final determination on the *370 merits, which led to judgments against Kane Builders, and in favor of the Union, the New Jersey Building Laborers Statewide Benefits Funds and Trustees of the New Jersey Building Laborers Statewide Benefits Funds (collectively, the “Funds”), and Louis Mosca, a Union representative and third-party defendant.
In June 2000, Mosca approached Mark Spencer, a Kane Builders construction supervisor, at one of Kane Builders’s New Jersey construction sites, and asked whether Kane Builders would hire union workers for the project. Spencer told Mosca that he lacked authority to hire union workers, and referred Mosca to Kane Builders’s founder, Stephen Kane. Mosca spoke to Kane and, the District Court found, Kane told Mosca that he would authorize Spencer to enter into the CBA on behalf of Kane Builders, a finding that is hotly disputed. Kane then spoke to Spencer by telephone and, thereafter, the Court found, Mosca presented Spencer with a 58-page CBA, which Spencer signed, a finding that, again, is disputed.
The CBA provided, inter alia, that Kane Builders would hire Union workers for its New Jersey projects and make benefits payments on behalf of the Union workers to the New Jersey Building Laborers Statewide Benefit Funds. In May 2004, the Union discovered that Kane Builders was managing a construction project in Ocean Township, New Jersey (the “Ocean Project”), but had not hired any Union workers. The Union filed a demand for arbitration against Kane Builders on May 21, 2004. Thereafter, Kane Builders attempted to enjoin the arbitration by bringing a June 30, 2004 action in the District Court (“Kane I ”)[2] for declaratory and injunctive relief against the Union,[3] claiming that Kane Builders never entered into the CBA. On November 23, 2004, the Court held a hearing to decide the preliminary injunction (the “Hearing”), and issued the pertinent factual findings on December 6, 2004. The Court found that Kane was a signatory to the CBA and refused to enjoin the arbitration. Instead, the Court ordered Kane Builders to proceed with arbitration, even though the Union had not moved to compel the same.
On February 25, 2005, the Funds brought an action (“Kane II”)[4] against Kane Builders for unpaid contributions to certain benefits plans which were allegedly third-party beneficiaries of the CBA. The Court consolidated Kane I and Kane II on March 5, 2005.
On July 27, 2005, Kane Builders filed a third-party complaint against the Union and Mosca, alleging that, “to the extent that Kane is found to have been a party to the CBA and liable to the Funds for benefit contributions, the Union and its agent, Mosca, are liable over to it for various reasons arising out of the events of June 2000.” (Kane Builders Br. at 28.) Kane Builders alleged that it was induced to enter the CBA by fraud, and, in particular, that Mosca deceived Spencer by presenting him only with the signature page of the CBA and telling “Mr. Spencer that he was only being asked to sign payroll documents for the single laborer and not a collective bargaining agreement.” (Kane Builders Br. at 30.)
*371 After the January 12, 2007 arbitration hearing (which Kane Builders did not attend or participate in), the arbitrator issued an award of $53,558 in favor of the Union. On August 21, 2007, 2007 WL 2416470, the District Court issued an opinion confirming the arbitration award (disposing of the Kane I issues), and entered summary judgment against Kane Builders, in favor of the Funds, on both liability and damages in the amount of $2,071,366.43 (disposing of the Kane II issues). The judgments in Kane I and Kane II could not have been entered without adopting the hotly disputed factual findings at issue in this appeal.[5]
The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185(a). We have jurisdiction under 28 U.S.C. § 1291. “When reviewing a district court’s order confirming an arbitration award, we review the district court’s findings of fact for clear error and its legal conclusions de novo.” Century Indem. Co. v. Certain Underwriters at Lloyd’s, London, 584 F.3d 513, 521 (3d Cir.2009).
Kane Builders argues that the District Court provided inadequate notice of its intention to treat the preliminary injunction hearing as a final trial on the merits. Rule 65(a)(2) of the Federal Rules of Civil Procedure, provides in pertinent part, that “[bjefore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application ...” However, “a district court should not consolidate a hearing for preliminary relief with a trial on the merits unless the court has given both parties clear and unambiguous notice of its intent to do so.” Anderson v. Davi-la, 125 F.3d 148, 157 (3d Cir.1997) (internal quotations omitted).
Here, the District Court did not provide any notice of its intention to combine the hearing for preliminary relief with a trial on the merits. Indeed, even after the Court issued its findings and denied the preliminary injunction, the case appeared to be headed for trial.[6] As counsel for Kane Builders points out, “the proceedings which continued in the District Court after December 2004 were those prefatory to the ultimate trial on the merits ... What else could they have been?” (Kane Builders Br. at 32.) The Court erred by failing to provide notice to Kane Builders that it would not have the opportunity, which it reasonably expected, to further develop its case.
Because we find that the District Court erred in providing inadequate notice of its intention to combine the preliminary injunction hearing with a final trial on the merits, we do not reach another important question: whether the Court’s factual findings were clearly erroneous.[7]

*372
IV. Conclusion

We will vacate the Judgments dated August 20, 2007 and September 21, 2007, and remand for further proceedings not inconsistent with this Opinion.[8]

. Kane Builders is a construction company, founded, owned and operated by Stephen Kane of Glenside, Pennsylvania.

. Kane Builders Inc. v. S. N.J. Building Laborers’ Dist. Council, LIUNA, AFL-CIO, 04-3315, 2004 WL 3647203 (D.N.J. filed June 30, 2004).

. Kane Builders sought declaratory relief that it had not entered into the CBA with the Union, and injunctive relief temporarily and permanently enjoining the arbitration which the Union had commenced.

.N.I. Bldg. Laborers Statewide Benefits Funds, The Trustees of the N.J. Bldg. Laborers Statewide Benefits Funds v. Kane Builders, Inc., 05-1137 (D.N.J. filed February 25, 2005).

. It appears that no formal judgment was entered against Kane Builders in favor of Mosca and the Union with respect to Kane Builder’s third-party complaint, but the Court apparently determined that those claims, which also necessarily depended upon the findings made following the preliminary injunction hearing, had been resolved when it administratively terminated the case on August 21, 2007.

. The parties attended a pretrial conference on November 11, 2004 before Magistrate Judge Mark Falk where they agreed to appear for a status conference on December 15, 2004 and to complete discovery by February 8, 2005. The District Court issued a pre-trial scheduling order on January 12, 2007, and the parties submitted trial briefs in February 2007.

.That having been said, we note that Kane, whose company had never entered into a collective bargaining agreement, was at no time given a copy of the purported agreement nor even given a copy to read.

. In deciding this case, we do not rely on the information that surfaced during oral argument about Mosca, the Union’s key witness at the preliminary injunction hearing, who was charged with, and pleaded guilty to, fraud as part of a case brought in the Eastern District of New York against the Gambino crime family. See United States v. Agate, et al., No. OS-76 (E.D.N.Y.). Although we are technically remanding "for further proceedings,” we fully recognize the significance of this new development given the critical importance of Mos-ca to the Union's case and the Funds’ claim for benefits.